UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MUNACHISO UKACHUKWU,<br><br>                    Petitioner,<br><br>    v.<br><br>ICE FIELD OFFICE DIRECTOR,<br><br>                    Respondent. | Case No. C24-6-LK-MLP<br><br>ORDER REFERRING CASE TO FEDERAL PUBLIC DEFENDER FOR REVIEW |

This is a 28 U.S.C. § 2241 immigration habeas action. Petitioner Munachiso Ukachukwu has filed a motion to appoint counsel. (Dkt. # 10.) Petitioner represents that though he has not sought to proceed *in forma pauperis* in this § 2241 action, he is otherwise financially incapable of retaining counsel to assist him in this case. (*Id.* at 1.) Respondent has not filed an opposition to Petitioner's request. While there is no constitutional right to appointment of counsel in actions brought under § 2241, the Court may exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require." 18 U.S.C. § 3006A(a)(2); *see also Weygandt v. Look*, 718 F.2d 952 (9th Cir. 1983).

Petitioner's underlying habeas petition alleges that he legally entered the United States in August 2013 on a student visa, that he adjusted his status to that of a permanent resident in March 2015, and that he has resided in the United States since his entry into the country. (Dkt.

# 3 at ¶ 4.) In 2022, Petitioner was convicted of operating an unlicensed money transmitting business, in violation of 18 U.S.C. §§ 1960(a), (b)(1)(A), (b)(1)(B), and (b)(1)(C), which resulted in a nine-month prison sentence that he has since served. (Strezelczyk Decl. (dkt. # 8) at ¶ 4.) As a result of his conviction, the Department of Homeland Security issued Petitioner a Notice to Appear, charging him with being subject to removal for committing an act involving moral turpitude within five years of his admission. (Lambert Decl., Ex. D (dkt. # 9-4) at 2-5.)

In his habeas petition, Petitioner argues that he qualifies for habeas relief based on his eligibility for readjustment of status due to his spouse's pending Form I-130, Petition for Alien Relative, which was filed with United States Citizenship and Immigration Services on June 26, 2023. (Dkt. # 3 at ¶ 3, 24; *see also* Lambert Decl., Ex. G (dkt. # 9-7) at 2.) Petitioner further argues that the immigration judge's bond decision in his case was "erroneous," and he seeks release from detention, or in the alternative, an order requiring the Government to hold a bond hearing. (Dkt. # 3 at 4, 6.)

Specifically, Petitioner asserts in his habeas petition that his detention: (1) violates the Due Process Clause of the Fifth Amendment; (2) fails to comport with due process protections provided by 8 U.S.C. § 1226(a); and (3) fails to comport with due process protections provided by this Court's multi-factor analysis enumerated in *Martinez v. Clark*, 2019 WL 5968089 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019). (*See* dkt. # 3 at 6-19, 21-26.) In addition, Petitioner alleges that the medical treatment he has received since being detained at the Northwest ICE Processing Center, as well as his conditions of confinement, violate protections provided by the Eighth Amendment. (*See id.* at 19-21.)

ORDER REFERRING CASE TO FEDERAL
PUBLIC DEFENDER FOR REVIEW - 2

Due to the nature of Petitioner's requested relief, and the complex issues involved in this case, it appears from the record that appointment of counsel may be warranted in the instant action. However, the Court has insufficient information at the present time to determine whether Petitioner financially qualifies for such an appointment under § 3006A.

Having considered Petitioner's motion, Petitioner's financial eligibility, and the balance of the record, the Court finds and ORDERS:

(1) This matter is referred to the Office of the Federal Public Defender for review.

(2) Within **seven (7) days** of the date on which this Order is signed, the Office of the Federal Public Defender shall advise the Court whether it intends to seek appointment in this matter. If the Office of the Federal Public Defender determines that it will seek appointment in this matter, it shall assist Petitioner in preparing a financial affidavit which will allow the Court to determine whether petitioner is financially eligible for such an appointment.

(3) The Clerk is directed to re-note Respondent's motion to dismiss and return memorandum (dkt. # 6) to be heard on **March 29, 2024**, to allow for the appearance of the Federal Public Defender, should they seek appointment in this matter.

(4) The Clerk is directed to send copies of this Order to Petitioner, to counsel for Respondent, to the Office of the Federal Public Defender, and to the Honorable Lauren King.

Dated this 1st day of March, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge